IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COLEEN MANNERING, CHARLES KENNETH DODSON, Trustee of the Charles Kenneth Dodson Revocable Trust Agreement dated the 17th Day of April, 1998, DON GARNER, Personal Representative of the L.O. Garner Estate, and all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>EXXONMOBIL OIL CORPORATION, f/k/a MOBIL OIL CORPORATION, MOBIL EXPLORATION AND PRODUCING NORTH AMERICA INC., and WHITING PETROLEUM CORPORATION,<br><br>     Defendants. | No. CIV-04-1305-L |

## **O R D E R**

On October 13, 2004, plaintiffs filed this action to recover monies defendants allegedly withheld during the time they acted as operators of the Putnam Oswego Unit located in Custer and Dewey Counties, Oklahoma. Plaintiffs seek to represent a class consisting of "[a]ll individuals and legal entities that have owned or now own a royalty mineral interest in the Unit as defined in the Plan, anytime beginning on the effective date of the Plan" and "all individuals and legal entities that have owned or now own a royalty mineral interest in a tract included within the Unit area from which a Defendant took and received in kind, or separately disposed of, all or a portion of

the unitized substances allocated to such tract". Class Action Complaint at ¶ 79(a)-(b). Plaintiffs assert claims for breach of the implied duty to market, breach of fiduciary duties, fraud, conversion, breach of contract, tortious breach of contract, violation of the Oklahoma Production Revenue Standards Act, and unjust enrichment. Id. at ¶¶ 107-14. In addition to damages, plaintiffs seek an accounting, declaratory judgment, resulting trust, and constructive trust. Id. at ¶¶ 115-18.

This matter is before the court on a motion to intervene by J.C. Dobbins, Tom Ruble, Donald Claussen, and Zelma Beers ("state plaintiffs"). State plaintiffs are parties to an action that was filed by Dobbins on May 18, 2001 in the District Court of Custer County, Oklahoma ("the state action"). In the state action, Dobbins sought to represent a class consisting of "overriding royalty interest owners, owners of net profit interests, and royalty interest owners in gas produced and sold from all wells connected with the Putnam Oswego Unit, Dewy/Custer counties, Oklahoma." Petition at ¶ 7 (Custer D. Ct. May 18, 2001). On December 21, 2004, state plaintiffs filed a Second Amended Petition in which they collectively sought to represent a class consisting of "[a]ll persons or entities who own, or have owned, a royalty interest . . . in the Unit, from the Effective Date of the Plan of Unitization (November 1, 1968) to the present" and "such persons or entities who own, or have owned, a royalty interest in a Tract included within the Unit Area from which Exxon took and received in kind, or separately disposed of, all or a portion of the Unitized Substances allocated to said Tract". Second Amended Petition at ¶ 21(a)-(b),

attached as Exhibit B to Proposed Intervenors' Motion to Intervene for the Limited Purpose of Requesting that the Court Abstain from Hearing this Action. In the state action, state plaintiffs claimed defendants breached their contract, the plan of unitization, their fiduciary duties, the Oklahoma Production Revenue Standards Act, and the duty of good faith and fair dealing. Id. at ¶¶ 54-72. In addition, state plaintiffs claim defendants committed fraud, deceit, constructive fraud and conversion. Id. at ¶¶ 73-95. Like plaintiffs, the state plaintiffs seek damages as well as a constructive trust and an accounting. Id. at ¶¶ 96-97, 100-106.

State plaintiffs seek leave to intervene for the limited purpose of filing a motion asking this court to abstain under the doctrine enunciated in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).

> Intervention as a matter of right is governed by Rule 24(a) of the Federal Rules of Civil Procedure. . . . Under Rule 24(a), an applicant may intervene as a matter of right if (1) the application is timely, (2) the applicant claims an interest relating to the property or transaction which is the subject of the action, (3) the applicant's interests may be impaired or impeded, and (4) the applicant's interest is not adequately represented by existing parties.

Elliott Indus. Ltd P'ship v. BP America Prod. Co., 407 F.3d 1091, 1102-3 (10th Cir. 2005) (citations omitted).

Having reviewed the state plaintiffs' motion pursuant to this standard, the court concludes there is no doubt the state plaintiffs claim an interest in the matter at issue as they are members of the putative class. The federal parties nonetheless argue

the state plaintiffs' interests will not be impaired or impeded if they are not permitted to intervene and that their interests are adequately represented by plaintiffs. This argument, however, misstates the interest state plaintiffs seek to assert. State plaintiffs' interest, for purposes of intervention analysis, is solely to seek an order staying this action in favor of the state action. That interest cannot be adequately represented by the present parties. Plaintiffs have no reason to assert a challenge to this court's exercise of its jurisdiction and indeed will no doubt vigorously oppose any motion to abstain. Likewise, although defendants initially raised the abstention issue,[1] they have thus far proved unwilling to mount this attack. The only remaining issue is the timeliness of state plaintiffs' motion to intervene. Although plaintiffs argue to the contrary, the court cannot find the motion to intervene is untimely. The motion was filed less than five months after state plaintiffs acquired knowledge of the filing of this action. This does not constitute an unreasonable delay. Given that "[t]he Tenth Circuit generally follows a liberal view in allowing intervention under Rule 24(a)",[2] the court finds state plaintiffs are entitled to intervene as of right.

In sum, Proposed Intervenors' Motion to Intervene for the Limited Purpose of Requesting that the Court Abstain from Hearing this Action (Doc. No. 31) is

---

[1] *See* Answer of ExxonMobil Oil Corporation and Mobil Exploration and Producing North America, Inc. at 4 (Twenty-seventh Defense) (filed Nov. 29, 2004).

[2] <u>Elliott Indus. Ltd P'ship</u>, 407 F.3d at 1103.

GRANTED. The motion for abstention shall be filed immediately. Responses to the motion for abstention shall be filed no later than **September 9, 2005**.

It is so ordered this 19th day of August, 2005.

*Tim Leonard*
TIM LEONARD
United States District Judge