IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COLEEN MANNERING, CHARLES KENNETH DODSON, Trustee of the Charles Kenneth Dodson Revocable Trust Agreement dated the 17th Day of April, 1998, DON GARNER, Personal Representative of the L.O. Garner Estate, and all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>EXXONMOBIL OIL CORPORATION, f/k/a MOBIL OIL CORPORATION, MOBIL EXPLORATION AND PRODUCING NORTH AMERICA INC., and WHITING PETROLEUM CORPORATION,<br><br>                Defendants. | No. CIV-04-1305-L |

## **O R D E R**

On October 13, 2004, plaintiffs filed this class action seeking to recover monies defendants allegedly withheld during the time they acted as operators of the Putnam Oswego Unit located in Custer and Dewey Counties, Oklahoma. Prior to plaintiffs' filing this action, J.C. Dobbins filed a virtually identical class-action lawsuit in the District Court of Custer County, Oklahoma ("the state action"). Defendants removed the state action to this court, which remanded it by Order dated January 17, 2002. Thereafter, the state action has proceeded in Custer County District Court.

On August 18, 2005, this court granted the state plaintiffs' motion for leave to intervene for the limited purpose of filing a motion asking this court to abstain under the doctrine enunciated in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). Prior to the date set for the state plaintiffs to file their motion to abstain, plaintiffs filed a motion to dismiss this action without prejudice. Defendants oppose dismissal of this action unless plaintiffs pay defendants "$199,673.00, said amount representing the fees and costs incurred in this case that will be of no use or benefit to the defendants"[1] in the state action.

Plaintiffs seek leave of court to dismiss this action pursuant to Rule 41(a)(2), which provides "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). Nonetheless, "[a]bsent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal." Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997).

> The parameters of what constitutes "legal prejudice" are not entirely clear, but relevant factors the district court should consider include: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of the litigation. Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper.

---

[1] Defendants' Objection to Plaintiffs' Motion to Dismiss Without Prejudice and Brief in Support at 8.

Id. (citations omitted). In determining whether to grant a motion to dismiss under Rule 41, the court must balance the equities to ensure substantial justice. *See* Brown v. Baeke, 413 F.3d 1121, 1124 (10th Cir. 2005).

The court finds the first and fourth factors militate in favor of dismissal. This action, like the state action, is at a preliminary stage. Although discovery on the class action issue has occurred, trial of this matter is not imminent. Moreover, the record developed in this case can be used to defend the motion for class certification filed in the state action as it appears these plaintiffs have intervened in that case. *See* Exhibit 8 to Plaintiffs' Reply to Defendants' Objection to Plaintiffs' Motion to Dismiss. Likewise, the court finds there has been no excessive delay or lack of diligence on plaintiffs' part. Indeed, the record reflects plaintiffs have expeditiously prosecuted this action. Finally, the court finds plaintiffs have sufficiently explained the need for dismissal at this time. Dismissal of this action will permit the parties to litigate the claims at issue in a single forum. Plaintiffs' assertion that "consolidation will eliminate the potential for conflicting results and judgments in two cases that involve the same factual and legal issues"[2] is particularly compelling. Moreover, certain jurisdictional and limitations issues are non-existent in the state action; thus, consolidating the cases in state court would ensure trial on the merits, rather than a dismissal on procedural grounds.

---

[2] Plaintiffs' Reply to Defendants' Objection to Plaintiffs' Motion to Dismiss at 8.

The factors enunciated above together with the unique circumstance of the parallel state proceeding lead the court to conclude that dismissal of this action would not result in legal prejudice to defendants. Indeed, the continuing prosecution of this action would only further the alleged prejudice defendants contend they have suffered. The court, however, finds that imposition of conditions is necessary to alleviate any prejudice that may exist. First, the court directs that dismissal of this action is conditioned on plaintiffs' seeking to intervene in the state action, which may have already occurred.[3] Second, the court directs the parties to use the discovery and expert witnesses in this case in the state action to the greatest extent possible. Finally, the court finds that some of the fees incurred by defendants in this action should be borne by plaintiffs. Defendants' request for fees in the amount of $199,673.00, however, is clearly excessive as much of the effort expended in the federal case is relevant and useful to the state action. Furthermore, defendants could have avoided many of the fees incurred in this action by filing their own motion to abstain when this matter was first filed. Nonetheless, the court finds that the filing of the federal action gave rise to fees that were only incurred because of the federal forum. The court therefore conditions dismissal of this action on plaintiffs' payment of the *reasonable* fees incurred by defendants in: (1) filing entries of appearance in

---

[3] The court notes the motion for class certification in the state action was filed on behalf of the state plaintiffs and plaintiffs in this case as "intervenors." Exhibit 8

this action; (2) filing the answer in this case;[4] (3) attending the Rule 26(f) conference; and (4) attending the status conference. Based on the record submitted by defendants, the court cannot determine what fees were incurred for these activities. The court therefore directs defendants to submit revised affidavits that detail the fees requested for these activities. The revised affidavits should reflect the exercise of billing judgment consistent with Praseuth v. Rubbermaid, Inc., 406 F.3d 1245, 1257-58 (10th Cir. 2005); Case v. Unified School Dist. No. 233, 157 F.3d 1243, 1250 (10th Cir. 1998); and Ramos v. Lamm, 713 F.2d 546, 559 (10th Cir. 1983), *overruled on other grounds*, Pennsylvania v. Del. Valley Citizens' Council For Clean Air, 483 U.S. 711, 725, (1987). Defendants shall file the revised affidavits or the parties may stipulate to a fee amount no later than **September 15, 2005**. If the parties are unable to stipulate to the fee amount, plaintiffs shall respond to defendants' revised affidavits no later than **September 22, 2005**.

In sum, Plaintiffs' Motion to Dismiss Without Prejudice (Doc. No. 69) is GRANTED, subject to the conditions noted above.

It is so ordered this 8th day of September, 2005.

_/s/ Tim Leonard_
TIM LEONARD
United States District Judge

---

[4] Time expended requesting motions for extensions of time to file the answer should not be included in this amount.